UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY L. SMITH,** <br>   **Plaintiff,** <br> <br> v. <br> <br> **JOHN/JANE DOES,** *et al.*, <br>   **Defendants.** | ) <br> ) <br> ) <br> )   Case No. 25-3324 <br> ) <br> ) <br> ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently detained at the Packard Mental Health Center ("PMHC"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff files suit against John/Jane Does (staff members), the Department of Human Services, and the Department of Mental Health Services. Plaintiff states he was diagnosed with paranoid schizophrenia in 1993, and his symptoms are now in remission. Plaintiff states he is filing suit against the Defendants "for specific medical malpractice, medical neglect on the staff." (Doc. 1 at p. 1). Plaintiff alleges Defendants John/Jane Does violated the Health Insurance Portability

and Accountability Act ("HIPAA") by communicating with individuals who contacted the facility and claimed to be his wife and/or friends. Plaintiff claims these individuals are "harassing [him] electronically through electronic means" and in contact with county police departments. *Id.* at p. 2. Plaintiff alleges the police departments should be investigated for illegally arresting him and detaining him in the Fulton County Jail.

## ANALYSIS

Plaintiff alleges Defendants violated confidentially laws, such as HIPAA. "HIPAA does not provide a private right of action." *Haywood v. Novartis Pharms. Corp.*, 298 F. Supp. 3d 1180, 1191 (N.D. Ind. 2018); *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (collecting cases); *Doe v. Board of Tr. of the Univ. of Ill.*, 429 F.Supp.2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action").

Negligence or even gross negligence is not sufficient to support a § 1983 claim. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018). If Plaintiff intended to state a claim alleging medical malpractice, he is required to comply with the Illinois Healing Arts Malpractice statute. *See* 735 ILCS 5/2-622; *see also Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019) (allowing *pro se* Plaintiff until summary judgment stage to comply with affidavit requirement). This statute requires Plaintiff to provide the Court with an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." § 5/2-622(a); *see also Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (§ 5/2-622 applies to state law claim filed in federal court).

Plaintiff's Complaint is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a

final opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

**1)    Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.**

**2)    The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

ENTERED:    2/2/2026

                                            s/ Michael M. Mihm
                                            Michael M. Mihm
                                            United States District Judge