E-FILED
Tuesday, 17 March, 2026  10:56:41 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY L. SMITH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-3324 |
| | ) | |
| JOHN/JANE DOES, *et al.*, | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently detained at the Packard Mental Health Center ("PMHC"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 9). The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff files suit against Brian D. Bucher (Mayor of Astoria, Illinois), Michael Deveere Trone, Trevor Kimbro, Andrew Merrick, Keith Wienman, Kevin Wienman, Andrew Wienman, Aimee Trone, Taylor Trone, and Samie Kling.

Plaintiff alleges he arrived at Packard Mental Health Center on March 18, 2026. Plaintiff claims staff members permit Defendants to call the facility and communicate with mental health

1

staff about his health. Plaintiff alleges Defendants "kidnapped" him and took him the Fulton County Sheriff's Detention Facility. (Doc. 9 at p. 7). Plaintiff claims "the so called fake nurses," Defendants Aimee Trone and Samie Kling, did not provide proper medical care in the Detention Center. *Id.* at p. 7. Plaintiff also alleges Whitney Parrish, who is not named as a party, broke attorney-client privilege by talking with Defendants on the phone.

## ANALYSIS

Plaintiff claims Defendants violated his rights by communicating with staff members at Packard Mental Health Center about his mental health. "HIPAA does not provide a private right of action." *Haywood v. Novartis Pharms. Corp.*, 298 F. Supp. 3d 1180, 1191 (N.D. Ind. 2018); *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (collecting cases); *Doe v. Board of Tr. of the Univ. of Ill.*, 429 F.Supp.2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action").

The remainder of Plaintiff's allegations are vague, confusing, and fail to demonstrate how the Defendants were personally involved in any constitutional violation. Liability under § 1983 requires a defendant's direct, personal involvement. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Although the Court has the discretion to permit Plaintiff to file a second amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts,

2

nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A for failure to state a federal claim upon which relief may be granted. Any further amendment would be futile. The Clerk is directed to enter judgment and close this case.**

2) **This dismissal shall count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff remains responsible for any unpaid balance of the $350.00 filing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court as directed in the Court's prior Order. *See* d/e 1/29/2026.**

4) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED: 3/17/2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge